JOHN C. KLAEHN
CLERK OF COURTS
OTTAWA COUNTY, OHIO

2024 JAN -8 P 2: 09

## IN THE COURT OF COMMON PLEAS OF OTTAWA COUNTY, OHIO

Kent D. Johnson :
423 Adams Street
Port Clinton, Ohio 43452, :

    Plaintiff, :

  -vs- : Judge _____

City of Port Clinton :
1868 E. Perry Street    Case No.: 24 CVH 011
Port Clinton, Ohio 43452, :

    and :

Michael Snider :
c/o: City of Port Clinton
1868 E. Perry Street :
Port Clinton, Ohio 43452,
     :
    and
     :
Tracy Colston
c/o: City of Port Clinton :
1868 E. Perry Street
Port Clinton, Ohio 43452, :

    and :

Dina Shenker :
c/o: City of Port Clinton
1868 E. Perry Street :
Port Clinton, Ohio 43452,
     :
    Defendants.
     :

1

## **VERIFIED COMPLAINT**

1.     Plaintiff, Kent D. Johnson ("Plaintiff" or "Johnson"), was duly appointed as Fire Chief of the Defendant, City of Port Clinton, in 2008 and has remained in that position at all relevant times referred to herein.

2.     Defendant, Michael Snider ("Snider"), at all relevant times referred to herein, is the Mayor of the City of Port Clinton.

3.     Defendant, Tracy Colston ("Colston"), at all relevant times referred to herein, is the Director of Safety and Service and an employee of the City of Port Clinton.

4.     Defendant, Dina Shenker ("Shenker"), at all relevant times referred to herein, is the Law Director and an employee of the City of Port Clinton.

5.     On June 6, 2023, Shenker received a telephone call from an attorney claiming to represent a Port Clinton EMS employee, Rebecca Huskey ("Huskey"), and claiming that Plaintiff had sexually harassed his client.

6.     That same day, June 6, 2023, Plaintiff was summoned to the City Building but was not told the purpose for doing so.

7.     Upon arriving at the City Building, Plaintiff was confronted by both Defendant Shenker and Defendant Colston.

8.     Plaintiff was immediately told by Shenker and Colston that he was going to be placed on paid administrative leave because an attorney had phoned Shenker and alleged that his client, Rebecca Huskey ("Huskey"), had been sexually harassed by him.

9.     Defendants Shenker and Colston admitted at the June 6, 2023 meeting

2

that they did not really have any details regarding the basis for the attorney's claims and that he was in the process of obtaining details and establishing a timeline.

10. Plaintiff was also told at the June 6, 2023 meeting that he was prohibited from being at the Port Clinton Fire Station and from having any contact with Huskey.

11. Defendants Shenker and Colston told Plaintiff at that June 6, 2023 meeting that the City was referring the matter to Clemans Nelson Associates for investigation.

12. After the meeting on June 6, 2023 had concluded, a letter from Huskey's attorney on that same day was faxed to Defendant Shenker in which she was thanked by the attorney for putting Plaintiff on suspension as he had requested. That letter was not shared by Shenker with Plaintiff at that time.

13. Huskey subsequently, through her attorney, filed a complaint on June 9, 2023 in Ottawa County Common Pleas Court for a civil protection order ("CPO") against Plaintiff, which was granted on an *ex parte* basis.

14. The CPO was contested by Plaintiff, with a trial held July 25, 2023 before a visiting judge, Judge Robert Christiansen of Lucas County, sitting by assignment, on Huskey's request for indefinite extension of the *ex parte* CPO.

15. On July 28, 2023, Judge Christiansen filed his order regarding the July 25, 2023 trial, determining that Huskey had failed to prove her allegations against Plaintiff by the required preponderance of the evidence. Therefore, Judge Christiansen's order DENIED Huskey's request for a civil stalking protection order and dismissed the *ex parte* order against Plaintiff which had previously been issued.

16. Following the denial of the CPO by the Ottawa County Common Pleas Court, Plaintiff requested in writing on July 31, 2023 that he be returned to his Fire

3

Chief position with the City.

17. When the City, by Defendant Shenker, finally did respond to Plaintiff's July 31, 2023 letter by a letter dated August 9, 2023 delivered to Plaintiff's counsel in September, Shenker stated that

> "Clemans Nelson & Associates Inc. has not completed their Administrative Investigation and BCI&I have not completed their Criminal Investiation. The City is **required** to wait until **both** investigations are complete in order to review the findings of **both** investigations. Based on the findings of **both** investigations, the City will advise Chief Johnson whether or not he will be subject to a Disciplinary Hearing. The City **cannot** make this decision until we receive the results of **both** investigations." (Emphasis added.)

18. On Friday, December 15, 2023, a report from Clemans-Nelson Associates, Inc., which, along with BCI, had been investigating allegations made concerning Plaintiff, was delivered to Defendant Shenker.

19. Immediately, on that same day, Friday, December 15, 2023, despite not having yet received any report from BCI as referred to in Shenker's letter attached as Exhibit 1, Defendants Snider and Colston had a "Notice of Predisciplinary Conference" hand delivered to Plaintiff, informing him that a predisciplinary conference would be held at 1:00 p.m. on the following Thursday, December 21, 2023 regarding three charges.

20. Two of the charges contained in the Notice related to payroll matters concerning Huskey. The third charge referenced a sexual harassment claim which Huskey had never provided notice of to anyone within the City, including Plaintiff, until her attorney contacted Defendant Shenker on June 6, 2023.

21. Each of the three charges referenced in the December 15 Notice warned Plaintiff that "A violation of a Group III Offense is discipline for cause up to and

4

including termination of employment." All three charges covered in the Notice are listed as Group III Offenses in the City's employee handbook.

22. Huskey's payroll paperwork in question was reviewed and approved in each instance by Defendant Colston and the City Auditor before payment was made to her.

23. After Plaintiff's attorneys request that the December 21, 2023 predisciplinary conference be continued in order that the Clemans Nelson report could be adequately reviewed and in view of the imminent holidays, the City agreed verbally to move that conference to January 9, 2024.

24. On the afternoon of January 5, 2023, Plaintiff received a Notice of Predisciplinary Conference scheduled for January 9, 2024.

25. Plaintiff's attorneys had met with the three individual Defendants on January 4, 2024 to discuss the claims being asserted herein, the lack of due process afforded to Plaintiff, the Ohio Revised Code requirements to terminate a fire chief, and the legal bases for Defendants not to pursue their stated course of conduct to terminate Plaintiff.

26. Upon information and belief, the City and the individually named Defendants intend to go forward with the predisciplinary conference on January 9, 2024 and the termination of Plaintiff from employment with the City, the result of which will cause significant financial losses to Plaintiff according to the Defendants.

27. Defendants' planned actions are in violation of Plaintiff's due process rights and the provisions of the Ohio Revised Code found at R.C. 735.35 et seq. and 124.40, and the requirements of the City necessitating both investigatory reports, and Defendants will proceed unless restrained and enjoined by this Court from doing so.

**FIRST CLAIM**

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1-27 as though fully restated herein.

29. Defendants violated Plaintiff's due process rights in their suspension of him on June 6, 2023 by, among other things, not informing him in advance of the allegations made against him, not informing or permitting him to consult with counsel concerning the allegations, potential responses which could be made to those allegations, Defendants' intention to suspend him as fire chief, and consideration of the consequences of the suspension without good cause on Plaintiff personally. Defendants also failed to provide Plaintiff with a copy of the June 6, 2023 letter from Huskey's attorney in order that he might consider it and determine an appropriate response.

30. The manner in which Plaintiff was suspended from his position as Fire Chief by Defendants was unlawful and exposed Plaintiff to embarrassment and humiliation.

31. Defendants have failed and refused to pay Plaintiff certain sums which he otherwise would have received at the end of year 2023.

**SECOND CLAIM**

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1-31 as though fully restated herein.

33. Defendants have failed and refused to follow the required processes specified in the Ohio Revised Code pertaining to the suspension and/or termination of a fire chief, contending that those ORC provisions have no application to the actions they have taken or plan to take. Moreover, Defendants' intended actions are apparently in

violation of the City's own requirements that necessitated the receipt of the BCI report before any decision could be made on discipline.

34. Defendants have threatened that Plaintiff stands to suffer significant and important financial losses if they proceed with their intended actions, including loss of compensation as Fire Chief and loss of earned benefits to which he is entitled.

35. Defendants' intended actions in holding a predisciplinary conference and in terminating or otherwise affecting Plaintiff's rights as Fire Chief are a violation of his due process rights.

**THIRD CLAIM**

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1-35 as though fully restated herein.

37. Defendants' actions and conduct have caused Plaintiff emotional distress for which he has incurred costs and expenses for treatment which is on-going in nature.

38. Unless enjoined by this Court from doing so, Defendants will continue to wrongfully and unlawfully refuse to follow the requirements of the Ohio Revised Code, causing financial losses and harm and damage to Plaintiff's reputation as a member of the Port Clinton Fire Department since 1992 and the Fire Chief since 2008.

39. Plaintiff has no adequate remedy at law and will suffer permanent and irreparable harm to his reputation along with a loss of income and other financial consequences if Defendants are permitted to continue to wrongfully and unlawfully attempt to terminate his employment with the City or otherwise suspend his receipt of income and benefits which he currently has.

**WHEREFORE,** Plaintiff demands judgment against each and all Defendants and those persons or entities in active concert and participation with them for a temporary

restraining order and for a preliminary and permanent injunction to prohibit Defendants from any actions or conduct concerning Plaintiff's employment as Fire Chief of the City of Port Clinton or otherwise act to interfere with income and benefits he currently receives, all in disregard of the provisions of the Ohio Revised Code; an order requiring Defendants to comply with the provisions of the Ohio Revised Code as set forth herein; for payment of all sums owed to and earned by Plaintiff as Fire Chief; for compensatory damages in excess of $25,000 for denial of his due process rights and for additional compensatory damages in excess of $25,000 for negligent infliction of emotional distress; for punitive damages; for attorney fees and costs of this action; and for such other relief as may be appropriate in the circumstances.

*Mark P. Smith*
Mark P. Smith (#0088538)
Flynn, Py & Kruse Co., L.P.A.
165 East Washington Row
Sandusky, OH 44870
Telephone: (419) 625-8324
Fax: (419) 625-9007
Email: msmith@flynnpykruse.com
Attorneys for Plaintiff

*John A. Coppeler*
John A. Coppeler (#0005506)
Flynn, Py & Kruse Co., L.P.A.
115 West Perry Street
Port Clinton, OH 43452
Telephone: (419) 734-3174
Fax: (419) 734-3175
Email: jcoppeler@flynnpykruse.com
Attorneys for Plaintiff

## **VERIFICATION**

STATE OF OHIO        )
                     ) SS:
COUNTY OF OTTAWA     )

Kent D. Johnson, being first duly sworn, deposes and says that he is the Plaintiff herein, that he has reviewed the allegations set forth in this complaint, and that those allegations are true and accurate based upon his personal knowledge of the matters set forth herein.



_____
Kent D. Johnson

Sworn to and subscribed in my presence this 8th day of January, 2024.

*Pamela K. Boytim*
Notary Public - State of Ohio

PAMELA K. BOYTIM, NOTARY PUBLIC
State of Ohio
My Commission Expires Feb. 20, 2028   Commission Expires: 2/20/2028

## INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please serve a copy of the Summons and Verified Complaint upon Defendants, by the Sheriff of Ottawa County, Ohio at the address for Defendants shown in the caption of the Verified Complaint.

*/s/ John A. Coppeler*
Flynn, Py & Kruse Co., L.P.A.
Attorneys for Plaintiff